IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:15-cv-00092-JPG-PMF |
| ROBERT E. HUGHES, et al., | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment on the issue of exhaustion (Doc. No. 28). Plaintiff Edward Moore is challenging the conditions of his confinement at Menard Correctional Center, alleging that he was deprived of a liberty interest without due process of law (Count 1) and exposed to unsanitary living conditions (Count 4). This motion targets the Eighth Amendment claim, Count 4. Defendants Robert Hughes and Virgil Smith seek a ruling in their favor of their affirmative defense that Moore failed to exhaust his administrative remedies before filing suit. The motion is opposed (Doc. No. 40). Because facts pertaining to the exhaustion defense are not in dispute, an evidentiary hearing has not been held.

### I. Exhaustion

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give prison administrators an opportunity to address a concern. They do not need to place individual defendants on notice of an impending lawsuit. *Jones*, 549 U.S. at 218.

In Illinois, the grievance procedure for offenders starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level, and ends with a decision by the director, who acts through an administrative review board (ARB). 20 Ill. Admin. Code §§ 504.810, 504.850.

The defendants rely on information obtained from the ARB. These records show that the ARB received two of Moore's grievances (dated February 14 and March 19, 2014), on June 6, 2014. The ARB rejected both grievances on the basis that they were not submitted in the mandated time frame (Doc. No. 29-1, pp. 35-39).

As noted above, Count 4 is based on allegations that Moore was exposed to unsanitary conditions amounting to a deprivation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's efforts to exhaust his administrative remedies on this issue are outlined below.

On February 14, 2014, Moore prepared an emergency grievance raising his concerns regarding unsanitary conditions in his cell, and sent the emergency grievance to Rick Harrington, the warden. He also prepared a duplicate non-emergency grievance, and sent the duplicate to correctional counselor Monica Nippe. He did not receive a response.

On March 19, 2014, Moore prepared another emergency grievance raising his concerns regarding unsanitary living conditions, and sent it to the warden. He also sent a duplicate non-emergency grievance to correctional counselor Nippe. He did not receive a response.

On two occasions, Moore sent copies of his February 14, and March 19, grievances to Linda Carter, a grievance officer. Ms. Carter did not respond. Moore followed with correspondence in an effort to ascertain the location of his grievances. In April, 2014, D.

2

Dwight, a coordinator for the grievance office, attempted to track down Moore's grievances, without success (Doc. No. 29-1, p. 52).

On June 3, 2014, Moore attempted to appeal to the ARB. The ARB received the appeal on June 6, 2014.

On November 21, 2014, Sarah Johnson prepared a form rejected the appeal as untimely.

Inmates are not required to complete procedural steps that are effectively unavailable. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The availability of a remedy depends on whether the paper process is in reality open for the inmate to pursue. *Id*. Plaintiff's undisputed facts show that a warden, a correctional counselor, and a grievance officer all refused to respond to grievances dated February 14 and March 19, 2014. When prison officials refuse to respond to grievances, administrative remedies are effectively unavailable. *Kaba,* 458 F.3d at 684-85; *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002).

Moore did all that the prison's procedures required of him by submitting emergency grievances to the warden and non-emergency grievances to a correctional counselor. The lack of any response prevented Moore from proceeding to the next and final steps of the grievance procedure.

## II. Conclusion

The defendants have not satisfied their burden of proof on their affirmative defense. IT IS RECOMMENDED that the motion for summary judgment filed by Robert Hughes and Virgil Smith as to Count 4 (Doc. No. 28) be DENIED.

**SUBMITTED: December 18, 2015**

    s/Philip M. Frazier
**Philip M. Frazier**
**United States Magistrate Judge**